LEWIS, VICE PRESIDING JUDGE, DISSENTING:
 

 ¶ 1 Today's majority discards as "unworkable" a case-law rule that imposed modest limitations on the prosecution's ability to use prior suspended sentences as aggravating evidence in jury sentencing proceedings. As the opinion shows, the rule has proved "unworkable" for the Court just to the extent that prosecutors have frequently ignored it and the Court has no future intention to enforce it.
 

 ¶ 2 The majority yet insists that it has not given free rein to prosecutors, limiting such evidence to the general rules of relevance, and prohibiting "blatant appeals to sympathy, sentiment, or prejudice," "invoking societal alarm," and "calling for the jury to make an example out of the defendant" in sentencing stage arguments.
 

 ¶ 3
 
 Hunter
 
 and subsequent cases had already struck a practical, relevance-based balance, allowing evidence of suspended sentences to be admitted in judgment and sentence documents, so long as the prosecutor "did not mention the suspended sentences ... or otherwise draw the jury's attention to them" in argument.
 
 See, e.g.,
 

 Mitchell v. State
 
 ,
 
 2016 OK CR 21
 
 , ¶ 30,
 
 387 P.3d 934
 
 , 945 (finding error, but neither plain error nor prejudice, from evidence indicating a suspended sentence).
 

 ¶ 4 The Court in
 
 Hunter
 
 seemed to recognize, at least implicitly, that the typical "chance after chance" arguments, using suspended sentences as aggravating evidence, suggest a false narrative that the defendant has abused some great kindness in the past and thus deserves a much longer sentence. Recidivist defendants are certainly blameworthy for their commission of new crimes, but prior suspended sentences are often a by-product of the complex realities of sentencing. Leniency is often incidental in the mutually convenient terms of a plea bargain.
 

 ¶ 5 Such arguments therefore often
 
 do
 
 violate basic principles of relevance and fairness. They
 
 do
 
 play upon everyday prejudices of lay jurors about plea-bargaining and probation. They
 
 do
 
 urge jurors to deal more harshly with the defendant because of prior suspended sentences, regardless of the complex realities behind them. The Court today approves such arguments; and under this more "workable" rule, we shall see more of them in the future. I respectfully dissent.